UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUDI AND LARRY MORRILL, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | DOCKET NO.: |
| VIRTUAL RADIOLOGIC CORPORATION, | * | |
| | * | |
| VIRTUAL RADIOLOGIC SERVICES, LLC, | * | |
| | * | |
| VIRTUAL RADIOLOGIC PROFESSIONALS, LLC, | * | |
| | * | |
| ADAM RULNICK, MD, | * | |
| | * | |
| RONALD L. ARIAGNO, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Judi and Larry Morrill, by and through their attorneys, state as follows:

## PARTIES

1. Plaintiffs Judi and Larry Morrill are residents of Menlo Park, California. They are married.

2. Defendant Ronald L. Ariagno is a resident of Menlo Park, California.

3. Defendant Virtual Radiologic Corporation is a corporation with a principal place of business in Eden Prairie, Minnesota.

4. Defendant Virtual Radiologic Services, LLC is a limited liability company with a principal place of business in California.

5. Defendant Virtual Radiologic Professionals, LLC is a limited liability company with a principal place of business in Eden Prairie, Minnesota.

6. Defendant Adam Rulnick, MD, is a physician licensed to practice in Texas with a specialty in diagnostic radiology.

7. Defendants Virtual Radiologic Corporation, Virtual Radiologic Services, LLC, and Virtual Radiologic Professionals, LLC (together, "VRAD") provide virtual radiologic services, by and through their employees, to hospitals throughout the country. Among others, VRAD provides radiologic services to Down East Community Hospital in Machias, Maine.

8. At all times relevant to this case, the radiologists involved in Judi's care at Down East Community Hospital, including Adam Rulnick, MD, were employees and agents of VRAD, acting within the scope of their employment.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over pursuant to 28 U.S.C. §§ 1332(a).

10. Pursuant to 28 U.S.C § 1391(b)(2) and D. Me. L.R. 3(h), venue is proper because all activities, incidents, events, and occurrences giving rise to this cause of action occurred in the County of Washington, State of Maine.

## SYSTEM FAILURE, AGENCY, DIRECT AND VICARIOUS LIABILITY

11. Like all corporations, VRAD acts through its employees and agents, including medical doctors.

12. In this Notice of Claim, Plaintiffs specifically contend that VRAD was <u>directly negligent</u> based upon VRAD's negligent hiring, training, staffing, supervision, policies, communication, documentation, medical record-keeping, culture and systems, as well as <u>vicariously liable</u> for the negligence of each and every one of its personnel whose conduct, either

individually or in combination with other personnel, contributed to the failure of such individual(s) and the system to meet the standard of reasonable care to Plaintiffs.

### FACTUAL ALLEGATIONS

13. On September 30, 2023, Judi and Larry Morrill were traveling in a motor vehicle on Lubec Road in Lubec, Maine.

14. Defendant Ariagno was driving the car in which Plaintiffs were passengers.

15. Defendant Ariagno crossed the center line, striking another vehicle.

16. Plaintiffs were taken to the Emergency Department at Down East Community Hospital.

17. At the Emergency Department, Judi complained of neck and shoulder pain.

18. The attending physician ordered multiple CT scans, including CT scans of Judi's head/neck without contrast.

19. The CT scan of the head/neck without contrast was read by Adam Rulnick, MD, as demonstrating an "[a]cute fractures of the C4 spinous process with adjacent swelling as noted."

20. Judi was discharged from Down East Community Hospital at 21:03 on September 30 with a rigid collar and with instructions to follow up with her primary care provider when she returned to California.

21. During a two-hour ride home from the hospital, Judi became excessively drowsy and unresponsive.

22. Early on the morning of October 1, Judi was taken to Maine Coast Hospital. It was determined that her symptoms were secondary to the administration of narcotics in the setting of naivety.

23. While at Maine Coast Hospital, Judi became unable to hold her trunk up and unable to stand or move lower extremities.

24. The attending physician at Maine Coast Hospital reached out to Eastern Maine Medical Center, the closest tertiary care center, to initiate transfer.

25. Judi arrived at Eastern Maine Medical Center at approximately 9:49 on October 1. She was unable to move her legs and had weakness in her arms.

26. At Eastern Maine Medical Center, the CT scan of the head/neck from Down East Community Hospital was reviewed again. It "show[ed] a perched right C5-6 facet, right C5 facet fracture, and C4/C5 spinous process fracture."

27. Judi was urgently taken to the operating room for or a decompression and a C5-C6 anterior fusion.

## MEDICAL NEGLIGENCE CLAIM (AGAINST VRAD DEFENDANTS)

28. Plaintiffs restate paragraphs 1-27.

29. Defendants failed to meet the standard of care in the care it provided to Plaintiffs. Its negligence included, but was not limited to,

> (a) unreasonable, inappropriate, and incorrect evaluation of Judi's imaging at Down East Community Hospital.
>
> (b) failure to provide the treating physician at Down East Community Hospital with important information regarding the state of Judi's spinal injury;
>
> (c) failure to follow medically accepted and reasonable standards, rules, and approaches to prioritize the safety of the patient;

30. As a direct and proximate result of the negligence of Defendants there was a failure to timely and appropriately treat Judi's spinal injury, leading to Judi's permanent neurological deficits.

31. As a direct and proximate result of the negligence of Defendants, Plaintiffs suffered damages, including past and likely future medical expense; pain and suffering; loss of enjoyment of life; lost earnings and earning capacity; loss of consortium; and permanent impairment.

## NEGLIGENCE CLAIM (AGAINST DEFENDANT ARIAGNO)

32. Plaintiffs restate paragraphs 1-27.

33. Defendant Ariagno owed Plaintiffs a duty of care.

34. Defendant Ariagno breached that duty of care by crash into another vehicle.

35. As a direct and proximate cause, Plaintiffs were injured.

36. As a direct and proximate cause, Plaintiffs have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants for:

1. Compensatory general and special damages authorized by law, including but not limited to all available damages for Plaintiffs' mental anguish, physical pain and suffering, pecuniary loss, loss of enjoyment of life, and permanent impairment; and

2. Costs, attorneys' fees, interest, and other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38, Plaintiffs hereby demand a jury for all issues so triable.

Date: February 4, 2026

                                                     /s/ Taylor A. Asen

Taylor A. Asen, Esq., Me. Bar No. 5832
Rosalie Wennberg, Esq., Me. Bar No. 10316
*Attorneys for Plaintiff*
Gideon Asen, LLC
95 Main Street, #5
Auburn, ME  04210
(207) 206-8982
service@gideonasenlaw.com

6